IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARTWAIN ANTWON JACKSON,

Plaintiff,

v.                                              CASE NO. 22-3302-JWL-JPO

LAWRENCE POLICE DEPARTMENT, et al.,

Defendants.


MEMORANDUM AND ORDER
TO SHOW CAUSE

Plaintiff Martwain Antwon Jackson brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is granted provisional leave to proceed *in forma pauperis*.  Plaintiff is detained at the Douglas County Jail in Lawrence, Kansas.  For the reasons discussed below, Plaintiff is ordered to show cause why his Complaint should not be dismissed.

**I. Nature of the Matter before the Court**

The Complaint is based on Plaintiff's arrest at approximately 12:00 a.m. on January 9, 2022.  Plaintiff states that Officer Pate and Officer Fry with the Lawrence Police Department followed and harassed him, then tackled him to the ground, put him in a chokehold, and cut off his backpack.  He alleges that his belongings were damaged, and he could have suffered physical injury.  Plaintiff further alleges that he was not resisting any order.

Plaintiff claims that Officers Pate and Fry violated his Eighth and Fourteenth Amendment rights.  Plaintiff names as defendants the Lawrence Police Department, Officer Pate, and Officer

1

Fry.  He requests relief in the form of $25,000 in "punitive damages" to his personal property, as well as the firing of Officers Pate and Fry.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a). "Prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915A(c).  Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency.  *See* 28 U.S.C. § 1915(e)(2).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise

a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face."  *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in

this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  Discussion

After reviewing Plaintiff's Complaint, the Court finds that the Complaint is subject to dismissal for the following reasons.

### A.  Claim for Damage to Property

Plaintiff claims Defendants violated his constitutional rights based on the confiscation and/or destruction of his personal property.  He alleges violation of his Fourteenth Amendment due process rights.

The Due Process Clause of the Fourteenth Amendment guarantees due process when a person may be deprived of life, liberty, or property. U.S. Const. amend. XIV, § 1. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge,* 424 U.S. 319, 333 (1976) (citing *Armstrong v. Manzo,* 380 U.S. 545, 552 (1965)); *Dusenbery v. United States,* 534 U.S. 161, 167 (2002) (quoting *United States v. James Daniel Good Real Property,* 510 U.S. 43, 48 (1993)) ("individuals whose property interests are at stake are entitled to 'notice and an opportunity to be heard.'").  However, "[t]he Fourteenth Amendment does not protect against all deprivations" of property but only against those "accomplished 'without due process of law.'" *Baker v. McCollan,* 443 U.S. 137, 145 (1979); *Zinermon v. Burch,* 494 U.S. 113, 126 (1990) (A constitutional due process violation that is actionable under § 1983 "is not complete when the deprivation occurs; it is not complete

4

unless and until the State fails to provide due process."); *see also Hudson v. Palmer,* 468 U.S. 517, 533 (1984) (recognizing a due process deprivation does not occur "until and unless" the State provides or refuses to provide a suitable post-deprivation remedy).  In most circumstances, pre-deprivation process is expected.  *See, e.g., Mitchell v. W.T. Grant Co.,* 416 U.S. 600, 611 (1974).  However, where it is impossible to provide a meaningful pre-deprivation hearing, the state must provide a meaningful post-deprivation hearing.  *Parratt v. Taylor,* 451 U.S. 527, 541 (1981), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327, 330 (1986).

In *Parratt,* the United States Supreme Court ruled that when a plaintiff alleges deprivation of a property interest occurring as a result of "a random, unauthorized act," the Fourteenth Amendment's due process requirement is satisfied if the state provides an adequate post-deprivation remedy.  *Id.* at 541–43; *Hudson,* 468 U.S. at 533; *Zinermon,* 494 U.S. at 128 ("*Parratt* and *Hudson* represent a special case ... in which postdeprivation tort remedies are all the process that is due, simply because they are the only remedies the State could be expected to provide."); *Palmer v. Unified Government of Wyandotte County/Kansas City, Kansas,* 72 F. Supp. 2d 1237, 1252 (D. Kan. 1999).  Though *Parratt* involved negligent deprivations of property, the Court later held that this reasoning also applied to intentional deprivations of property.  *Hudson,* 468 U.S. at 533.

Accordingly, property loss claims are not cognizable under § 1983 in federal court when a state's post-deprivation remedies are adequate to protect a plaintiff's procedural due process rights.  Where states provide an adequate remedy, that remedy itself constitutes the due process required by the Fourteenth Amendment.  *Parratt,* 451 U.S. at 543–44; *McCormick v. City of Lawrence, Kansas,* 253 F. Supp. 1172, 1198–99 (D. Kan. 2003) (citing *Hudson,* 468 U.S. at 530–33), *aff'd,* 99 F. App'x 169 (10th Cir. 2004); *see also Smith v. Colo. Dep't of Corr.,* 23 F.3d 339, 340 (10th

Cir. 1994) ("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees.").  Therefore, in order "to state a § 1983 claim, [Plaintiff] was required to plead the inadequacy or unavailability of a post deprivation remedy." *Montana v. Hargett,* 84 F. App'x 15, 16 (10th Cir. 2003) (unpublished) (citing *Durre v. Dempsey,* 869 F.2d 543, 548 (10th Cir. 1989) (affirming dismissal of plaintiff's due process deprivation of property claim, stating that "[i]n order to state a claim under § 1983, a complaint must allege facts sufficient to show deprivation, in this case the lack of an adequate state remedy")).

Kansas provides post-deprivation remedies to persons who believe they have suffered a tortious loss at the hands of state officials.  For example, K.S.A. § 60–1005 provides a procedure for actions to recover personal property and specifically authorizes a replevin action for property in the custody of an officer as a result of any legal process.  *See* K.S.A. § 60–1005(c) ("If the property the possession of which is sought is in the custody of an officer under any legal process it shall nevertheless be subject to replevin under this section").  Kansas law also provides for conversion actions (*see, e.g., Herndon v. City of Park City, Kan.,* 2007 WL 3171524, *3 (assertion that "property has either been lost or disposed of, or remains in possession of defendant or its agents" represents the "textbook definition of conversion")) and claims under the Kansas Tort Claims Act.  In addition, Kansas has a statutory scheme for returning property seized as evidence (*see* K.S.A. 22-2512) and the Kansas Standard Asset Seizure and Forfeiture Act (*see* K.S.A. 60-4101, *et seq.*).

These types of state procedures have generally been held sufficient to satisfy the requirements of due process.  *Parratt,* 451 U.S. at 543–44; *see also Thompson v. City of Shawnee*, 464 F. App'x 720, 724 (10th Cir. 2012); *Harmon v. Williams,* 77 F. App'x 440, 441–42 (10th Cir.

2003) (unpublished); *Bridgeforth v. Field,* 153 F.3d 726, *2 (10th Cir. July 17, 1998) (Table), *cert. denied,* 525 U.S. 1154 (1999). Courts in this district have specifically determined that these Kansas procedures are adequate post-deprivation remedies for the type of harm alleged in Plaintiff's Complaint. *Roman v. FNU LNU Unknown State & Loc. Offs., Barton Cty., Kan.*, No. 12-3065-SAC, 2012 WL 1970384, at *4–5 (D. Kan. June 1, 2012) (citing *Herndon v. City of Park City, Kan.,* No. 07-1065-MLB, 2007 WL 3171524, at *3 (D. Kan. Oct. 25, 2007)). These remedies provide all the process that is due to Mr. Jackson.

The Court finds that Plaintiff fails to state a plausible federal constitutional claim of denial of due process for the reason that adequate post-deprivation remedies were available to Mr. Jackson in state court.

## B. Relief Sought

The first category of relief sought by Plaintiff is money damages to compensate for his damaged personal property. He does not allege any physical injury.

Section 1997e(e) . . . provides in pertinent part:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e). Section 1997e(e) applies regardless of the nature of the underlying substantive violation asserted. *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001), *cert. denied*, 536 U.S. 904 (2002) (applying §1997e(e) to the plaintiff's First Amendment claim for free exercise of religion).

Plaintiff's request for damages is subject to dismissal as barred by 42 U.S.C. § 1997e(e). Plaintiff has not described any physical injury that was caused by the alleged deprivations of his

constitutional rights.  The Court finds that Plaintiff's claim for damages is subject to being dismissed unless he alleges facts showing a prior physical injury.

Plaintiff also mentions punitive damages, which are available in a § 1983 lawsuit. However, they "are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'"  *Searles*, 251 F.3d at 879; (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)); *Jolivet v. Deland*, 966 F.2d 573, 577 (10th Cir. 1992); see also *Patel v. Wooten*, 264 F. App'x 755, 760 (10th Cir. 2008) (determining, in the First Amendment context, that prison officials' actions did not "rise to the level of evil intent or reckless or callous indifference to sustain a jury award of punitive damages")).  Plaintiff's allegations do not support the finding of evil intent or reckless indifference necessary to make a claim for punitive damages.

Last, Plaintiff asks that the Court order the firing of Officers Pate and Fry.  The Court is without authority to grant such relief.  *See  Nicholas v. Hunter*, 228 F. App'x 139, 141 (3rd Cir. 2007) ( "The remaining relief requested is not available as the District Court lacks authority to order a federal investigation and prosecution of the defendants or the termination of their employment."); *Goulette v. Warren*, No. 3:06CV235-1-MU, 2006 WL 1582386, at n.1 (W.D. N.C. June 1, 2006) ("The Court notes that even if Plaintiff's claims prevailed in this case, this Court would not, based upon this law suit, have the authority to order the termination of the Defendant's employment or to grant Plaintiff an immediate, early release from jail."); *Dockery v. Ferry*, No. 08-277, 2008 WL 1995061, at *2 (W.D. Pa. May 7, 2008) (finding that the court cannot issue an order which would direct a local government to terminate a police officer's employment) (citing *In re Jones*, 28 F. App'x 133, 134 (3rd Cir. 2002) ("Jones is not entitled to relief . . . [S]he asks this Court to prohibit the State of Delaware from filing charges against her.  The federal courts,

however, have no general power in mandamus action to compel action, or in this case inaction, by state officials.")); *Martin v. LeBlanc*, No. 14-2743, 2014 WL 6674289, at n.1 (W.D. La. Nov. 24, 2014) (finding that where plaintiff requested an investigation, the termination of the defendants' employment and the closure of the prison, "[s]uch relief is not available in this action"); *Merrida v. California Dep't of Corr.*, No. 1:06-CV-00502 OWW LJO P, 2006 WL 2926740, at n.1 (E.D. Cal. Oct. 11, 2006) (finding that where plaintiff prays for the termination of defendant's employment, "the court cannot award this form of relief to plaintiff) (citing 18 U.S.C. § 3626(a)(1)(A)).

### C. Improper Defendant

Plaintiff names the Lawrence Police Department as a defendant.  Plaintiff's claims against this Defendant are subject to dismissal, as "'police departments . . . are not suable entities under § 1983, because they lack legal identities apart from the municipality.'"  *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1186 (D. N.M. 2014) (quoting *Ketchum v. Albuquerque Police Dep't*, 958 F.2d 381, 1992 WL 51481, at *2 (10th Cir. March 12, 1992)).  Furthermore, a governmental entity may not be held liable under § 1983 unless the entity itself supported the violation of rights alleged.  *Monell v. Dep't of Social Servs. of City of N.Y.,* 436 U.S. 658, 691 (1978).  As such, liability generally attaches to a governmental entity when the alleged injury is caused by the entity's policy or custom.  *Id.*, at 694.  Plaintiff makes no such allegation in his Complaint.

## IV.  Response Required

For the reasons stated herein, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).  Plaintiff is therefore required to show good cause why his Complaint should not be dismissed for the reasons stated herein.  Failure to respond by the deadline

may result in dismissal of this matter without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is provisionally granted, pending receipt of a certified copy of Plaintiff's inmate account statement for the 6-month period preceding the filing of the Complaint.

**IT IS FURTHER ORDERED** that Plaintiff is granted to and including **February 27, 2023**, in which to show good cause, in writing, why his Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

**Dated January 27, 2023, in Kansas City, Kansas.**

**<u>S/ John W. Lungstrum</u>**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**